Collet, J.,
delivered the opinion of the court:
The act establishing boards of commissioners, 22 Ohio L. 263, and the act defining the duty of county auditors, 22 Ohio L. 267, were in force when these proceedings were had. By section 12 of this last-named act it is made the duty of the county auditor to *450 allow all demands justly chargeable to the county, except such as are by law to be allowed by the commissioners or the courts of the county, and to draw orders on the county treasurer for all sums allowed by himself, or the commissioners, or the courts. By section 7 of the first-mentioned act, the commissioners are authorized to contract for the building or repairing of bridges, and the auditor is forbid to draw on the county treasurer for the payment for anything done to a bridge under such contracts until the commissioner’s order him to do so. Section 21 of this act provides, “ That if any person or persons shall conceive him or themselves injured by the decision of the commissioners in any case, such person or persons may, within fifteen days, appeal to the next court of common pleas,” etc., “ and the said court shall, at their next session, hear and determine the same.” By section 7 the •commissioners are required to decide on the claims of persons who have built a bridge under a contract with them; and by section 21 of the same act, an appeal is given in all cases from the decision of the commissioners. We can see no reason to doubt the right of Eobb and Ferguson to take this ajjpeal.
The court erred in the manner in which they made the order for payment. The auditor is required to draw orders on the county treasurer for all sums allowed by the court; after the appeal, the right to determine on the claim of Eobb and Ferguson was vested in the court. When they determined, it became the duty of the auditor to draw on the county treasurer for the sum the court allowed to be due from the county. The order of the •court, therefore, should have been to the auditor, and not to the commissioners.
*As to the opinion of the court that the agreement of the commissioners to pay the third installment was independent, and not dependent on the completion of the bridge, and in consequence adjudging them to pay that installment without other evidence than the agreement, it seems to us that there is error here. Whether an agreement or covenant is dependent or independent is determined by ascertaining from the contract or contracts the intention of the parties; there is nothing technical in it. 1 Wheat. Selw. 94,388; 1 Ohio, 330. The parties have a right to make their agreements dependent or independent, and as they make them the courts are bound to enforce them. Our constitutions forbid •the legislature to vary or impair the contracts of parties. In the *451 case of Cunningham v. Morrell, 10 L. R. 205, the court say, “A mechanic generally stands in need of advances from time to time in aiding him to procure materials to carry on his work, and the employer, if prudent, will generally reserve a considerable payment until the work be completed, and to depend on its completion. But if all these payments can be demanded without performance, merely because a part of them-were to be made as the work advanced, it would be making the intention of the parties subservient to technical rules.” In this case the commissioners, in December, 1829, proposed to have a bridge of a particular description built by December 25, 1830; that they would advance one-third of the price by the first Monday of March, as early as the bridge could be commenced ; one-third more on the first Monday of June, before there would probably be a stone laid toward the erection of the bridge. These two payments were to be made without regard to the progress of the work. The remaining third was to be on the completion of the work on December 25, 1830, the day on which the undertaker was, by the contract, to have it completed. Why say, they would pay on that day, on the completion of the bridge, if they intended to pay on that day if it were not completed ? The commissioners proposed to advance liberally to the undertaker; they did advance nearly two thousand dollars; they could not tell who would be undertaker until the bidding closed. To secure the county, they'wisely required of him, whoever he might be, bond *and security well and sufficiently to construct the bridge. They also prudently provided that one-third of the price should not be paid until the bridge was completed. The court should have heard the evidence as to the completion of the bridge, and the manner in which it was completed before they decided; and have allowed such sum on that hearing as would have been just between the parties, regarding the contract. Wheat. Selw. 58; Bull. N. P. 139.
The judgment must be reversed, and the cause remanded to the court of common pleas for further proceedings.