J. R. Swan, J.
The special plea in bar denies that there was any such agreement as is set forth in tlie first and second counts of *357 the declaration, and then proceeds to set np another and different statutory agreement, and pleads matter in bar to this last agreement. The plea is in this respect defective; and if it be good for any purpose, it amounts to the general issue.. The demurrer is well taken. But the plea is good enough for the counts to which it is pleaded.
The counts present this question: Whether, when the statute creates a claim against the county which, but for the statute, would not exist, and directs such claim to be passed upon and allowed by the county commissioners, and the commissioners pass upon it, the remedy of the party who feels himself aggrieved by the action of the commissioners, is by suit at common law against the county, or by appeal from the decision of the commissioners.
Ever since 1824 (22 v. Stat. 266,) the right of appeal from the decision of the board of commissioners has been allowed. The law of 1824 was incorporated into the law of 1831, and into the law of 1853, now in force. Swan’s Rev. Stat. 183, sec. 18.
In the case of Comm’rs Clermont Co. v. Robb et al., 5 Ohio Rep. 490, it was held that an appeal lies to the court of common pleas from the decision of the commissioners, on a contract to erect a bridge, where the latter refused to allow the claim of the contractors.
Whenever the board of commissioners are authorized to allow or reject claims against the county, the party aggrieved may appeal.
The statute relating to the work done by the plaintiff, provides that the commissioners shall determine the compensation: “The recorders shall be allowed, and receive for their services, such compensation as the commissioners of the respective counties shall deem reasonable and just.” Swan’s Rev. Stat. 792. The plaintiff', in this case, it seems, was not willing to leave the amount of the compensation to be determined by the judgment of the county commissioners. He alleges a special contract, that the *358 compensation should, aside from the opinion of the commissioners, be reasonable and just. We doubt whether the county commissioners had any authority whatever to stipulate or make a contract different from that prescribed by the statute. But if they had power to change the rule of compensation, neither the law nor the agreement changed the tribunal which was eventually to allow the amount to be paid.
What we hold in the present case is this:
Where a claim against a county is of such a nature that, but for the statute, no right of action at common law would exist on the claim against the county, the remedy prescribed by the statute must be pursued, and no cumulative remedy exists. Whether, in any case, where the claim is to be passed upon by the county commissioners, the claimant can pursue any other remedy than by appeal, it is not necessary to decide in this case.
Brinkerhoff, Scott and Sutliff, JJ., concurred.